IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: PALBOCICLIB PATENT LITIGATION | ) ) | C.A. No. 19-2912-CFC |
| PFIZER INC., WARNER-LAMBERT COMPANY LLC, PF PRISM C.V., PFIZER MANUFACTURING HOLDINGS LLC, PFIZER PFE IRELAND PHARMACEUTICALS HOLDING 1 B.V., and PF PRISM IMB B.V. | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 19-743-CFC |
| AIZANT DRUG RESEARCH SOLUTIONS PVT. LTD., et al., | ) ) ) ) ) | **CONSOLIDATED** |
| Defendants. | ) | |
| PFIZER INC., WARNER-LAMBERT COMPANY LLC, PF PRISM C.V., PFIZER MANUFACTURING HOLDINGS LLC, PFIZER PFE IRELAND PHARMACEUTICALS HOLDING 1 B.V., and PF PRISM IMB B.V. | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 19-759-CFC |
| TEVA PHARMACEUTICALS USA, INC. and TEVA PHARMACEUTICALS INDUSTRIES, LTD., | ) ) ) ) ) ) | |
| Defendants. | ) | |

# STIPULATION AND [PROPOSED] ORDER

This stipulation is made by and between Pfizer Inc., Warner-Lambert Company LLC, PF Prism C.V., Pfizer Manufacturing Holdings LLC and Pfizer PFE Ireland Pharmaceuticals Holding 1 B.V. (collectively, "Plaintiffs"); and Teva Pharmaceuticals USA, Inc. ("Teva USA"), and Teva Pharmaceuticals Industries, Ltd. ("Teva Ltd.," and collectively with Teva USA, the "Teva Defendants");

WHEREAS Plaintiffs filed suit against Teva USA and Teva Ltd. in C.A. No. 19-759-CFC (the "Action")[1];

WHEREAS the Teva Defendants maintain that Teva Ltd. is not a proper defendant in the Actions;

WHEREAS Plaintiffs maintain that Teva Ltd. is a proper defendant in the Actions; and

WHEREAS resolution of such disagreement by motion practice will consume time and expense that Plaintiffs and the Teva Defendants wish to avoid by entering into this Stipulation;

---

[1] For purposes of this Stipulation and Order, "Actions" shall include the Action, and any action which may result from consolidation of the Action or with which the Action is associated, including without limitation C.A. No. 19-743-CFC and C.A. No. 19-2912-CFC.

2

NOW THEREFORE Plaintiffs and the Teva Defendants, by and through their respective undersigned counsel in the Action, and subject to the approval of the Court, stipulate and agree as follows:

1. Teva Ltd. agrees to be bound by any judgment, order, injunction, or decision entered in the Actions, or in any appeal thereof, as if it were named as defendant.

2. Teva Ltd. agrees that it will not contest personal jurisdiction in this Court solely for purposes of enforcing any such judgment, order, injunction, or decision, including the terms of this stipulation, against it in the Actions.

3. Teva USA and Teva Ltd. agree that, to the extent Teva Ltd. has in its possession, custody, or control information or materials that would be discoverable or responsive to discovery requests in the Actions to the same extent were Teva Ltd. to remain a party to the Actions, Teva USA will search for and provide such discovery, in response to discovery requests propounded on Teva USA by Plaintiffs. Teva Ltd. agrees to provide, and Teva USA agrees to produce, such discovery in response to discovery requests served on Teva USA in the Action. Nothing in this paragraph shall limit Teva USA's ability to object to any request for discovery served by Plaintiffs.

4. If the parties agree that a Teva Ltd. employee is a necessary fact witness, the witness will be made available for deposition upon notice to Teva

USA at a location to be agreed upon by the parties. Accordingly, there will be no need for (a) service of subpoenas; or (b) for witnesses located outside the United States, adherence to the procedures of the Hague Convention or other methods of foreign service. If the parties disagree as to whether the Teva Ltd. employee is a necessary fact witness or disagree as to where the deposition will take place, then the parties shall present the matter to the Court for resolution. If the Court orders that the deposition of the Teva Ltd. employee shall be taken, then the Teva Ltd. employee will be made available for deposition pursuant to the Court's order, without requiring Plaintiffs to adhere to the procedures of the Hague Convention. In the Actions, Teva USA will also accept Rule 30(b)(6) deposition notices containing topics directed to information that may be held by Teva Ltd., and any witness presented in response thereto shall investigate information relevant to those topics in the possession, custody, or control of Teva Ltd., to the extent such information exists. Nothing in this paragraph shall limit Teva USA's ability to object to any deposition request served by Plaintiffs.

5. Teva USA and Teva Ltd. further agree to be bound by resolution of discovery matters in the Actions.

6. This stipulation does not constitute a waiver of any objection or defense to, or any privilege or immunity from, the provision of discovery

otherwise available to parties to an action under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any other applicable authority.

7. Teva USA agrees that it will not contest personal jurisdiction for purposes of the Actions and, as such, will not move to dismiss the Actions on grounds that the United States District Court for the District of Delaware lacks jurisdiction over Teva USA for purposes of the Action. Teva USA also agrees that it will not contest venue in the District of Delaware in the Actions and, as such, will not move to change the venue of the Actions. Teva USA further agrees that it will provide in the Actions such discovery from Teva Ltd. as agreed to in paragraphs 3-5 above.

8. Plaintiffs hereby dismiss without prejudice Teva Ltd. pursuant to Fed. R. Civ. P. 41(a)(2).

9. The terms of this stipulation are made without prejudice to the respective positions of Plaintiffs and the Teva Defendants as to whether Teva Ltd. is a proper defendant in the Action. The terms of this stipulation also cannot be used by Plaintiffs or the Teva Defendants to argue for or against jurisdiction or venue in the future.

10. The case caption for the Action shall be amended to remove Teva Ltd.

11. None of the foregoing shall be interpreted to limit Plaintiffs' rights to discovery of Teva USA.

| | |
|---|---|
| */s/ Megan E. Dellinger*<br>Jack B. Blumenfeld (No. 1014)<br>Megan E. Dellinger (No. 5739)<br>MORRIS, NICHOLS, ARSHT<br>  & TUNNELL LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>mdellinger@mnat.com<br>*Attorneys for Plaintiffs Pfizer Inc., Warner-Lambert Company LLC, PF PRISM C.V., Pfizer Manufacturing Holdings LLC, Pfizer PFE Ireland Pharmaceuticals Holding 1. B.V., and PF PRISM IMB B.V.*<br><br>Dated:  January 7, 2020 | */s/ Karen E. Keller*<br>John W. Shaw (No. 3362)<br>Karen E. Keller (No. 4489)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>kkeller@shawkeller.com<br>*Attorneys for Defendant Teva Pharmaceuticals USA, Inc. and Teva Pharmaceuticals Industries, Ltd.* |

IT IS SO ORDERED this _____ day of _____, 2020

                                                    _____
                                                      United States District Judge